Good morning, Your Honors. Good morning. Michael Belter on behalf of Mr. Omar Mora-Rivera. And I'd like to reserve two minutes for rebuttal. It's an interesting case. Mr. Mora-Rivera came to the United States as basically what we now are referring to as a dreamer. He started having trouble as a juvenile in 2000. He, in July of 2000, he entered a plea to a California Penal Code Section 451D, which is commonly referred to as an arson or burning of personal property. Eventually, as a result of that plea, ultimately in 2001, Mr. Mora-Rivera is deported. And there are subsequent reentries into the United States from Mexico, and he's suffered two federal illegal reentry convictions in 2007 and again in 2000, I believe in 2012. Both resulted in long periods of incarceration. Mr. Mora-Rivera was released in 2017 and deported. Ultimately, the issue at hand here is whether or not Mr. Mora-Rivera's 2000 conviction for arson amounts to an aggravated felony. His deportation in 2001 was as a result of an aggravated felon status. Aggravated felon, as the court is aware, is a crime of violence as defined by the federal statute. So the question here is whether or not the 451, that is the California Penal Code Section 451D, amounts to a crime of violence or amounts to a dangerous felony. And with respect to the California Penal Code Section 451, that is broken down into subcategories or subsections. It is considered, I would consider it a divisible statute in that it has multiple facts, allegations, factual allegations. The counsel, how is it divisible under the Supreme Court authority where we're now supposed to look at whether, in the divisibility analysis, were there elements of the crime versus means of committing the crime? Well, the elements of the crime in 451D is a burning of your own personal property. Other sections of 451. Well, 451D, burning of your own personal property, requires another factual proof, which is for the purpose of defrauding someone. I can go out and burn any property I want to and I'm not doing 451D if I'm not doing it except to defraud my insurance company. Absolutely. So one can, and there lies a factual distinction. But 451. We're talking about divisibility now, right? Well, there are factually distinguishing factual allegations in the crime of arson in California. Okay, so divisible statutes have to contain alternative elements of functionally separate crimes. Yes, and 451 does that, Your Honor. How? Well, for example, the crime of 451C, which is burning of a- No, no, no, no, no. We're not looking at C. We're looking at D. Your client was convicted of 451D. How does that contain separate crimes? Well, one is burning of personal property with intent to defraud. Another is burning of personal property, creating a risk of burning or damaging other property. That's just one crime. I think it's in the alternative, though, Your Honor. Alternative to what? Burning of personal property with intent to defraud or burning property with a risk of damaging other property, property of others. I mean, ultimately, in this particular situation, the record of conviction is that Mr. O'Mara Rivera entered a no-contest plea to an amended information or amended complaint, which is burning of personal property. I don't know. Are you aware of our two unpublished memorandum dispositions that says that 141D is not a divisible statute? Your Honor, I'm aware of the unpublished opinions indicating that 451D is not a crime of violence. But it's also not a divisible statute? And with that, Your Honor, I have no further comments about it being a divisible statute. Your point is that it is a divisible statute, but that the documents of conviction don't show that he had an intent to defraud anyone. Exactly, Your Honor. How do you square that with the restitution sentence? Well, there is a – clearly there was an indication, and he followed through with paying restitution. That it was the property of someone else that he was burning, right? Well, that there was some form of restitution that was responsible. There's no restitution to oneself, is there? No. So the restitution – it's a fair inference that the restitution ordered was because the arson had involved the property of another. Right. That's a fair inference, Your Honors. In other words, that when he committed the arson, there was the probability or there was injury to another person, structure, forest, land, or property. It's a fair inference. However, the – at issue, I believe, is whether or not 451D, standing alone, is a crime of violence that would amount to a finding of aggravated felony. The arson to another person's property is not a crime of violence? Arson of your personal property, which is 451D, which is what Mr. Omar Rivera entered a plea to, is – our position is that it does not rise to the level of an aggravated felony. Because it's personal property rather than – Because it's personal property and not – You burn your own stuff, you're not doing violence. What's the authority you have for that? That it doesn't – it's not a – there's not an element of use or effort to commit a violent act on someone else or on somebody else's property. But that's not required, is it? Just – I mean, a crime of violence doesn't necessarily have to hurt another person. You could – You have to run the risk of. Well, the Federal definition under 18 U.S.C. Section 16A for the crime of violence, aggravated felony, is – requires physical force against the person or property of another. It does not – not include physical force against one's own property. And therefore, the California statute is overbroad. It's overbroad in the respect that it includes potential damage to other individuals' property. Is that what the court is asking? Do you want to reserve some time? Yes, thank you. So why is burning your own property a crime of violence under 16A if the use of physical force was not against the person or property of another? Good morning, Your Honor. Kyle Ryan for the United States. Morning. Under 16A, burning the property of another is a crime of violence. That's the generic definition. Burning your own property would not be a crime of violence. Okay, we got that straight. Excellent. The statute here we're talking about, 4151D, is a divisible statute. Okay, explain to me why under DSCAMP you think it's a divisible statute. Of course, Your Honor. The – in California, under People v. Goolsbee, the court explained that to commit a violation of Section 451D against your own property, you also have to have the added mens rea of intent to defraud. Under DSCAMP, something? Or another person's intent to defraud or there is injury to another person, structure, forest, land, or property. That's correct, Your Honor. Are those alternative means of committing the same crime? No, Your Honor. These are alternative elements because the jury would have to be unanimous in finding that. Do you have cases on that that says the jury has to be unanimous on either one of those? People v. Goolsbee talks about how 451D is not a lesser included offense of 451B, which is burning an inhabited structure. And the reason that it's not a lesser included is that added mens rea, intent to defraud. That's what makes the statute divisible. If the prosecution is proceeding on the theory that you're burning the property of another, the jury does not need to find that intent to defraud. If the prosecution is proceeding on the alternative theory, a separate crime in essence, that you're burning your own property, the jury would have to find that you have the intent to defraud. That's what makes the statute divisible here. The Ninth Circuit has applied the modified categorical approach to this statute before in Jordanson, which is a published case, as well as Miranda-Rosales and Cabrera-Rucha, two unpublished cases. As well, the defendant hasn't raised this argument in his opening brief and, as we've heard here today, has conceded the issue. Right, but I guess, you know, I'm more concerned. This is, as you know, we're having to interpret all of these criminal statutes, state statutes, all over the Ninth Circuit under this new approach that the Supreme Court has articulated. I can't speak for everybody, but my personal concern is that we get it right. So whether or not. As is mine. Okay. And I think it is, I think the California court in Goolsbee has made it clear that that extra mens rea, the intent to defraud, is what makes this statute divisible between the two alternatives, whether you're burning the property of another or whether you're burning your own property with the intent to defraud. Because the statute's divisible. What are you referring to? Where does the line, your own property, what section of 141 is that in? 451D. 451D. 451D, I believe, says that it's a violation to commit arson against the property of another, or against property, and it doesn't apply to burning your own property unless you have the intent to defraud. So it's sort of an exception to the initial alternative. Intent to defraud or there is injury to another person's property. Correct, Your Honor. I think that sort of subsumed into the first alternative, though. Wait a second. What do you mean subsumed? The first alternative is you're committing arson against the property of another. The second, as Judge Bey has stated, it can also include burning your own property if it also causes injury to the property of another. Aren't you carving, you're sort of carving out D from the rest of the statute because D says arson of property is a felony, and for purposes of this paragraph, arson of property does not include one burning or causing to be burned his or her own personal property unless, and then it goes on to talk about intent to defraud. Or there's injury. Or injury, but the injury to property would also fall under the initial burning of someone else's property. For purposes of the modified categorical approach. Not necessarily. If you're injuring someone else's property, then that's going to be a crime of violence. You can have the intent to burn your own property and negligently cause fire to somebody else's property, but if the mens rea requirement for arson is to harm somebody else's property, there wouldn't be mens rea as to the harm to the other person's property. So this is what this covers. If you're burning your own property but it causes injury to somebody else's property, that is arson. Yes, I think that's true. But I don't think that affects whether the statute is divisible, if that's what we're still talking about. No, I think the element that's different is intent to defraud. Right. That's what makes it clear the statute is divisible here. Right. But what Mr. Belter is complaining about is presumably the fact that we don't know necessarily what the factual basis of the 2000 plea was, but should it have been that his client pled to burning his own property, that wouldn't necessarily be a crime of violence on its own. Your point is that you don't look at the factual basis, you look at the statute, and if you pled guilty to a statute that defines a crime of violence, then the subsequent affairs which occurred here occur, right? Under the modified categorical approach, the court can look to certain conviction records. That includes the charging document, in this case it would be the complaint, the transcript of a plea colloquy, an abstract of judgment, and the clerk's minute order. And the court's job is to look at those documents and decide, do these documents sufficiently narrow the basis for the guilty plea to the generic offense, which is that he burned the property of another person. Tell me what portion of the documents of conviction show that he was burning somebody else's property. Well, I think the two most important points are that the court ordered restitution to the motel and also that the court ordered a protective order. The court also identified victims. In Cabrera-Rucha, the court made a point of saying that it was important that a victim had been identified. The court's not going to be ordering restitution if the defendant had burned his own property. The court's not going to be ordering a protective order and telling him to stay away from that property if he, in fact, owns that property. So those are the two pieces of the conviction records that show that the defendant, in fact, pleaded guilty to burning the property of another, not his own property. Let me ask you a question. If 451D defines a crime of violence... It doesn't always define a crime of violence, right? No. Because if he commits... Let's assume 451D defines a crime of violence, okay? Under a modified categorical approach defined by DIS CHAMPS, right? Are you with me? Yes. Okay. If a man goes into California State Court and says, I burned my laundry in an effort to scare people or whatever, not a crime of violence, I pled to it, do we then hold him accountable for pleading to a crime which defines a violent felony, even though he didn't do one? So under the modified categorical approach, we're not focused on the facts of exactly what happened. We don't care how he committed the crime. That's my question. We care, do the conviction records show which crime he pleaded guilty to? What if he pled guilty to the first one, which didn't involve the burning or arson of a property? Then it wouldn't be a crime of violence if that's what happened. But that's not what happened here. Mr. Belter says it did. That's where the issues joined, right? That's one of the issues, yes, Your Honor. I think that... There are many issues. There are many issues, of course. But the conviction records I think here, especially given that in Cabrera-Rucha, the court made it, made a point of saying the fact that a victim had been identified made it, there was sufficient evidence that the government had proved he pleaded guilty to burning the property of another. We have that here too. We have victims identified. We have the motel identified, the employees of the motel. What you're saying is that the documents of conviction sufficiently established that he burned his own personal property to cause injury to another person or other person's structure. No, Your Honor. I'm saying the documents of conviction sufficiently established that he burned the property of another. He didn't burn his own property. Before you run out of time, this is your argument from your brief, right? You say that Section 451, back to divisibility again, because I'm still not following your divisibility argument. And maybe you're making a different divisibility argument today than you made in your brief. But in your brief, you said that Section 451 is divisible. It criminalizes arson to any structure, forest, land, or property that is not the defendant's personal property and to arson to the defendant's own personal property with an intent to defraud or resulting in injury to the property of another, 451D. So then you cite to the California cases that say that it explains that the statute criminalizes two separate categories of arson, burning the property of another, and burning one's own property under the limited circumstances set forth in 451D. Now, I'm quoting, that's how you argued that this statute is divisible. Then the problem I have with that argument is we can't look at Section 451 as a whole and decide whether or not that's divisible. We have to look at the crime of conviction, which is Section 451D alone, to determine whether that's divisible. And my question to you is that you have, are there any California cases that have said that a unanimous jury, in order to be convicted of 451D, any unanimous jury must find that there was an intent to defraud. Unanimously, or just that, or there is injury to another person unanimously. I'm not aware of any California cases making that specific finding regarding juror unanimity. That's the required finding if you're going to say a statute's divisible under this camp and all the Supreme Court recent authority. What I would say, Your Honor, is under Goolsbee, the court said that 451D is not a lesser included of 451D. Your own separate crime. That's exactly right. Absolutely. That's the only time that the state has chosen to criminalize setting fire to your own property under these circumstances. Right. And I think the reason that it's not a lesser included of 451B is because it has that extra element. And because it has an extra element, I think we can infer that a jury would have to find that unanimously. I think it's just not a subset, a lesser included of subsection B, because it just isn't. Subsection B talks about inhabited structures and inhabited property. Right. And D is talking about burning your own property. And if it was only burning your own property, I think it would be a lesser included of an inhabited structure. But because it includes that separate intent to defraud element, that's what makes it not a lesser included. There's no evidence in the records of conviction that Mr. Mora Rivera was intending to defraud anyone. That's correct, Your Honor. And I think these are two separate issues. First, we have to find the statutes divisible. If we get past that, then you're absolutely correct. There is no evidence of an intent to defraud. But we have to get past the divisibility analysis first to get to the modified categorical approach to even be able to look at those conviction records. That's right. I happen to think you don't get past divisibility. But I also don't think it's categorically a crime of violence. And I agree with that. It's not a categorical because you could be convicted of burning your own property. Okay. So at least we've got some things we can agree on, and then we'll have fun discussing it later. Thank you, Your Honor. Okay. Thank you. Counsel, do you have a brief rebuttal? Just momentarily, Your Honors. I'd like to point out just a couple of additional things with respect to the entry of the plea. Mr. Omar Rivera entered the plea by way of no contest. He entered a plea when it was at that point in the plea colloquy about a factual basis his counsel stipulated pursuant to People v. West. Now, People v. West is a California case. It allows individuals to take advantage of proffered plea arrangements without admitting factual bases for the entry of plea. But that doesn't stop the court from finding a factual basis. No, correct. The court would be obligated to accept the plea as a result, a way to resolve the particular case. And in this particular case, the court made a restitution off it and a stay-away order. That was part of the arrangement or the resolution of the matter. Okay. And the final thought I wanted to just point out, or the last thing I wanted to point out, is that the record of conviction is not clear as to what actually occurred, resulting in a burning. We could stand here and speculate all day, but there is nothing in the record of conviction which would suggest exactly what happened. And my final point is that the 451D is not, therefore, 451D as applied in this case, or as applied in any case, is not a crime of violence that would amount to an aggravated felony. All right. Thank you, counsel. U.S. v. Amar Rivera is submitted.
judges: Wardlaw, Bea, Murphy